UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD J. MERCY                                                                    PETITIONER

VERSUS                                          CIVIL ACTION NO. 3:16CV893-TSL-RHW

WARDEN LARRY SHULTS                                                        RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Richard J. Mercy, proceeding *pro se*, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking restoration of 27 days of good time credit. Doc. [1]. Petitioner currently serves a 120-month sentence at the Federal Correctional Institution (FCI) in Yazoo City, Mississippi for conspiracy to possess with intent to distribute a controlled substance. Doc. [7-1] at 1. The underlying incident and resulting disciplinary action that is the subject of the instant petition occurred at FCI Miami. Petitioner argues that (1) there was insufficient evidence to support the Disciplinary Hearing Officer's (DHO) decision; (2) the DHO was not fair and impartial because he based his decision on feelings rather than facts; (3) the DHO failed to consider mitigating evidence; and (4) the Bureau of Prisons (BOP) withheld evidence. In his memorandum in support, Petitioner appears to assert the additional claim that, in violation of BOP regulations, prison officials failed to conduct an investigation of the incident. Doc. [2] at 10.

On January 11, 2016 at 12:30 pm, Unit Manager Posada observed Petitioner pushing a safety cart, which contained three boxes, towards the camp entrance at FCI Miami. Doc. [7-3] at 1; [7-5] at 1. When Petitioner noticed Posada, Petitioner stopped walking and attempted to head to a nearby warehouse. Doc. [7-3] at 1. Posada and Senior Officer Black signaled to Petitioner to come back and asked him what he was doing. *Id.* Petitioner said he was performing safety work and explained that he picked up the boxes from the warehouse to bring to the camp. *Id.*

There were two sealed boxes on the bottom of the cart labeled "Degreaser". Officer Black searched the two sealed boxes and discovered that they contained 270 eggs. *Id.*

On January 11, 2016, Posada issued an Incident Report charging Petitioner with Possession of Stolen Property in violation of Code 226. Doc. [7-3]. In his report, Posada stated that "clearly these items were stolen from food service." *Id.* The investigation was conducted on the same day as the incident. The Incident Report was delivered to Petitioner at 5:05 p.m. *Id.* Petitioner was read his rights "and stated he understood them." *Id.* He requested a staff witness but "did not have anything to say" regarding the incident. *Id.* Due to the incident level, the Petitioner's charge was referred to the DHO for a hearing. *Id.* Petitioner received notice of the DHO hearing on January 19, 2016. Doc. [7-7]. He waived his right to have a staff member represent him at the hearing. *Id.* Petitioner also was informed of his rights to call witnesses and to present documentary evidence. Doc. [7-6].

The DHO hearing took place on February 11, 2016. Doc. [7-2] at 1. Petitioner denied the charges, stating in his defense that even though he took the cart from the warehouse and picked up the boxes, he "didn't know what was in the boxes." *Id.* at 1-2. Petitioner requested that Warehouse Foreman Rodriguez appear as his witness. *Id.* at 1. Rodriguez stated that while he saw Petitioner get the boxes out of the cage, Rodriguez "did not issue the boxes to him to deliver supplies." *Id.* Rodriguez did not know who put the boxes in the cage. *Id.* At the conclusion of the hearing, the DHO found that the act was committed as charged. *Id.* The DHO based his decision on the reporting officer's statement, the Incident Report, the investigation, the photograph of the boxes, and the monetary value of the eggs. *Id.* The DHO additionally relied on portions of Rodriguez's testimony, namely that the boxes were not issued to Petitioner. *Id.* at 2. The DHO further explained that he "feels [Petitioner] did know the eggs were in the boxes...,"

2

adding that Petitioner "routinely deliver[s] supplies" and therefore should have realized that the two boxes of eggs were not the same weight as the one filled with cleaning supplies. *Id.* Sanctions given included 27 days loss of good conduct time credit. *Id.* The DHO verified that Petitioner was advised of the findings, specific evidence relied on, the reasons for the action, and his right to appeal within 20 days. *Id.* Petitioner received a copy of the DHO decision on February 11, 2016. *Id.* Petitioner exhausted administrative remedies as to some of his claims and then filed the instant § 2241 petition.

## Law and Analysis

Petitioner lost 27 days of good-conduct time as a result of the prison disciplinary proceedings against him. A federal prisoner holds a protected liberty interest in good-conduct time; therefore, due process protections must be afforded prior to its revocation. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, the Supreme Court has explained that "the full panoply of rights due a defendant in [criminal] proceedings" do not apply in prison disciplinary proceedings. *Wolff*, 418 U.S. at 556. Under *Wolff*, due process is satisfied when the inmate is given: (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present witness testimony and documentary evidence; (3) assistance at the hearing if requested; (4) an impartial tribunal; and (5) a written statement of the evidence relied upon and the reason for the disciplinary action. *Id*. at 563-70.

All of the basic due process requirements were met in this case. First, Petitioner received notice of the charges against him more than 24 hours in advance of the DHO hearing. Specifically, he received notice on January 19, 2016, for a hearing that commenced on February 11, 2016. Second, Petitioner was advised of his rights to call witnesses and to present

documentary evidence. Pursuant to Petitioner's request, Warehouse Foreman Rodriguez appeared as a witness at the hearing. Third, Petitioner was advised of his right to staff representation, but he waived this right. Fourth, Petitioner appeared before an impartial tribunal, as the presiding DHO was not involved in the incident, investigation, or preparation of the Incident Report. Fifth, the DHO prepared a written report, which Petitioner received on February 11, 2016, containing a statement of the evidence relied upon and the reasons supporting the DHO's decision.

**Sufficient Evidence**

Petitioner argues there was insufficient evidence to support the DHO's conclusion that Petitioner knew that the boxes contained eggs rather than cleaning supplies. In prison disciplinary actions, due process is satisfied when there is "some evidence" to show that the inmate committed the charged offense. *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The Court must consider "whether any evidence at all" supports the DHO's conclusion. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981); *see Pina v. Tamez*, 470 F. App'x 298, 299 (5th Cir. 2012) (explaining that a disciplinary proceeding will only be overturned "where there is no evidence whatsoever" to support the conclusion).

In this case, sufficient evidence supports the DHO's conclusion. Petitioner admitted he was in possession of the boxes. The warehouse foreman stated that he observed Petitioner retrieve the boxes from the cage, but he had not issued the boxes to Petitioner for delivery. The reporting officer also witnessed Petitioner in possession of the boxes. It is undisputed that two of the boxes marked cleaning supplies in fact contained 270 eggs. Although Petitioner disputes whether he knew there were eggs rather than cleaning supplies in the boxes, some evidence still

supports the DHO's conclusion that Petitioner committed the offense of being in possession of stolen property.

### Fair and Impartial DHO

Petitioner argues that the DHO was not impartial because the DHO's decision "was determined by feelings and conjecture." Doc. [2] at 8. Petitioner does not allege that the DHO was involved in the incident, the investigation, or the preparation of the Incident Report. Nor is there any evidence to support such a conclusion. Thus, Petitioner has not alleged facts to indicate "any pre-existing bias or opinion which would preclude [the decisionmaker] from making a fair, impartial, and informed decision." *See Morissey v. Brewer*, 408 U.S. 471, 486 (1972). Although the DHO stated that it was his feeling Petitioner knew the eggs were in the boxes, the DHO also relied on other testimony and evidence to demonstrate that Petitioner was in possession of stolen property. Furthermore, the DHO based his "feeling" on the fact that Petitioner routinely delivered supplies and should have realized the boxes containing eggs were not the same weight as those containing cleaning supplies. Petitioner has failed to identify a pre-existing bias or opinion on the part of the DHO; therefore, his argument regarding the impartiality of the DHO is without merit.

### Failure to Consider Mitigating Evidence

Petitioner argues that the DHO did not consider mitigating evidence, which deprived Petitioner of the opportunity "to have such sanctions postponed pending a review of his conduct at a later time." Doc. [2] at 9. As mitigating factors, he cites the fact that he has maintained good conduct, been incident free, and received good reviews from supervisors.

Prior to the hearing, Petitioner was advised of his right to call witnesses and present documentary evidence on his behalf. Doc. [7-6]. In fact, Petitioner requested that Warehouse

5

Foreman Rodriguez testify on his behalf, which request was granted. There is no indication that Petitioner requested that the DHO consider additional mitigating evidence. Nor does Petitioner offer any argument to that effect. Pursuant to BOP regulatory policy, loss of a minimum of 27 days good conduct credit is a mandatory disciplinary sanction for high severity level offenses such as possession of stolen property. *See* 28 C.F.R. § 541.4(b)(2). Thus, it is unclear whether evidence that Petitioner has been an otherwise exemplary inmate would have altered the punishment. Even if Petitioner were able to demonstrate that Respondent somehow violated BOP policy by failing to consider mitigating evidence, the mere violation of BOP policy does not, by itself, establish a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In the DHO's consideration of the evidence and testimony, there is no indication that the DHO failed to satisfy the due process rights outlined in *Wolff*.

**<u>Withheld Evidence</u>**

Petitioner argues that the BOP "withheld" evidence. Doc. [1] at 8. He explains that the warehouse layout, photographs of the food service area from where the items were stolen, and photographs of the cage where Petitioner picked up the boxes were withheld. *Id.*

As an initial matter, Petitioner failed to exhaust administrative remedies as to this claim. A prisoner must exhaust available administrative remedies before asserting constitutional claims against BOP officers in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Respondent represents that Petitioner sought administrative review of the first three claims but did not seek administrative review regarding allegedly withheld evidence. *See* Doc. [8] at 10. Petitioner's administrative appeals make no mention of withheld evidence. Doc. [2] at 21, 25. In fact, Petitioner admits that he raised only the first three claims in his administrative appeals. *See* Doc. [1] at 2-3, 8; Doc. [2] at 4. Petitioner has not filed

6

a reply and does not dispute Respondent's assertion that he failed to exhaust administrative remedies as to this claim.  Based on the foregoing, the undersigned finds that Petitioner did not exhaust the claim that Respondent withheld evidence.

Petitioner's claim also fails on the merits.  Petitioner fails to explain how any of the allegedly withheld evidence would have altered the outcome of the proceeding.  Photographs and diagrams of the areas where the violation occurred do not by themselves constitute exculpatory evidence.  Essentially, Petitioner merely argues for a more thorough investigation but without demonstrating how additional evidence would demonstrate either innocence or a due process violation.  As explained previously, sufficient evidence supported the DHO's decision.  The DHO relied on eyewitness testimony, the testimony of the warehouse foreman, and the fact that Petitioner was found with two boxes containing 270 eggs in his possession.  Petitioner's speculative argument about withheld evidence is without merit.

**Failure to Investigate**

In what appears to be related to his claim of withheld evidence, Petitioner also argues that the BOP failed to take certain investigative steps because prison staff did not speak with witnesses, did not question food service workers, did not take additional photographs at the scene, and did not obtain a stolen property report from food services.  Doc. [2] at 10.  In so doing, he asserts that Respondent failed to follow BOP policy.  *Id.*  As with the previous issue, Petitioner failed to raise this issue in any of his previous administrative appeals; therefore, he failed to exhaust administrative remedies.  *See* Doc. [1] at 2-3; Doc. [2] at 4, 22, 25.

Petitioner's claim also fails on the merits.  Respondent's alleged failure to follow BOP policy does not, by itself, establish a constitutional violation.  *See Myers*, 97 F.3d at 94.  Moreover, the Incident Report reflects that prison staff in fact conducted an investigation on

7

January 11, 2016.  During the investigation, Petitioner chose not to make a statement and "did not have anything to say".  Thus, Petitioner did not provide prison officials with information to prompt additional investigating.  Petitioner offers only speculation that a more thorough investigation might have uncovered exculpatory evidence.  He does not identify any additional evidence that might demonstrate his innocence of the violation or that would demonstrate a due process violation in the disciplinary proceeding.  As explained earlier, there was sufficient evidence to uphold the DHO's conclusion.  The Court will not overturn the DHO's decision on the basis of mere conjecture about the hypothetical results of further investigation.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Richard J. Mercy's 28 U.S.C. § 2241 petition be DENIED and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objects are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 18th day of January 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE